1  Drew H. Sherman, Esq. (SBN: 237045)
2     drew.sherman@adlilaw.com
   ADLI LAW GROUP, P.C.
3  444 South Flower Street, Suite 3100
   Los Angeles, California 90071
4  Telephone: 213-623-6546
   Facsimile: 213-623-6554
5

6  Attorneys for Plaintiff
   WBS, Inc.
7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11
   WBS, INC., a California Corporation,          Case No.  16-cv-3495
12
                        Plaintiff,               **COMPLAINT FOR:**
13
          v.                                     **TRADEMARK INFRINGEMENT;**
14                                               **CONVERSION; TORTIOUS**
                                                 **INTERFERENCE WITH A**
15                                               **PROSPECTIVE ECONOMIC**
   STEPHEN PEARCY, an individual;               **ADVANTAGE; UNFAIR**
16 ARTISTS WORLDWIDE., a                        **COMPETITION UNDER CAL.**
   California Corporation;                       **BUS. & PROF. CODE § 17200 ET**
17 TOP FUEL NATION; a business of              **SEQ.; BREACH OF CONTRACT;**
   unknown formation; STRONG                     **INJUNCTIVE RELIEF**
18 MARKETING GROUP d/b/a
   WATERCRAZ MARKETING                           **DEMAND FOR JURY TRIAL**
19 GROUP, a business of unknown
   formation; KJIRSTEN STRONG; an
20 individual; CURTIS STRONG, an
   individual;
21 and DOES 1 through 10, inclusive
22
23
24
                        Defendants.
25

26

27

28

_____
                        **COMPLAINT**

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

Plaintiff WBS, Inc. ("Plaintiff" or "WBS") hereby complains and alleges as follows against Defendants Stephen Pearcy ("Pearcy"); Artists Worldwide ("AWW"); Top Fuel Nation ("TFN"); Strong Marketing Group d/b/a Watercraz Marketing Group ("SMG"); Kjirsten Strong ("Strong 1"); and Curtis Strong ("Strong 2"); and DOES 1-10 (each individually "Defendant" and collectively "Defendants"):

## I.

## JURISDICTION

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 for original jurisdiction over Federal Claims in that this action arises under a claim for trademark infringement. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

2.      The Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because they have a continuous, systematic, and substantial presence within this judicial district.

3.      The Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because the Defendants also did business in this judicial district, prior to the date hereof, with respect to the causes of action on which the complaint is based, such as entering into a contract for the performance of services, and subjected themselves to jurisdiction in this forum via a forum selection clause.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b) and (c) and §§1400(a) and (b) because Defendants reside in this district,

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

conduct business in this district, and a substantial part of the events giving rise to the causes of action in this complaint occurred in this district.

## II.

## PARTIES

5.    Plaintiff is a corporation organized and existing under the laws of the state of California with its principal place of business in Studio City, California.

6.    Plaintiff is a competitor of Defendant Pearcy.

7.    AWW is a California corporation with its principal place of business in Los Angeles, California.

8.    Pearcy lives and resides in California, and Plaintiff is informed and believes, and thereon alleges, that Pearcy owns TFN, a California sole proprietorship.

9.    Plaintiff is informed and believes, and thereon alleges, that SMG is a sole proprietorship, having its principal place of business in St. George, Utah.

10.    Plaintiff is informed and believes, and thereon alleges, that Strong 1 and Strong 2 live and reside in the state of Utah, and are the owners of SMG.

11.    Defendants including the applicable Doe Defendants, are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of a civil wrong as alleged in this Complaint.

12.    Whenever and wherever reference is made in this Complaint to any act by a respective Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each other respective Defendant acting individually, jointly, and severally, as applicable.

## III.

## FACTUAL ALLEGATIONS

13.    Plaintiff is the owner by purchase and assignment of certain trademarks for merchandise and service marks for music services made up of word marks and stylized design marks commonly known as "RATT" (collectively the "Marks").

1726.203

14.     On February 18, 1985 and October 29, 1985, respectively, the word Marks and stylized design Marks for the Marks were registered with registration numbers 1383345, 1383344, 1368246, and 1368245, respectively, (the "Marks") with the United States Patent and Trademark Office ("USPTO").

15.     The Marks have been registered since that time and have not been abandoned, canceled, or revoked.

16.     The Marks include the Federally registered trademarks as well as those afforded by common law rights.

17.     Since at least the 1984, when the Band started playing widely, and up to the present, the Marks have been extensively developed, promoted, advertised, and marketed.  Plaintiff was the first in market using the Marks.

18.     Plaintiff has spent significant amounts of money and resources developing, promoting, and advertising the Marks so that the public recognizes the services and goods associated with the Marks, and recognizes the Marks come from Plaintiff.

19.     As a result of the widespread use and display of each of the Marks as a distinctive trademark identifying, *inter alia*, merchandise and music services, (a) the public has come to recognize and identify services and goods bearing any of the Marks as emanating from Plaintiff; (b) the public recognizes that services and goods bearing any of the Marks constitute high quality, dependable services and goods that conform to the standards of quality and care created by Plaintiff, and (c) each of the Marks has established strong secondary meaning and extensive goodwill throughout the world among music fans and aficionados.

20.     Plaintiff was the first in market using the Marks.

21.     Pearcy has known that the Plaintiff has owned the Marks via purchase and assignment since 1997.

22.     Defendant Pearcy has known that he has had no ownership interest in and to the Marks since 2000.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

3
**COMPLAINT**

23.    Defendant Pearcy previously brought an action against Plaintiff in Los Angeles County Superior Court, in which Plaintiff cross-complained against Pearcy, (LASC Case No. BC 245356) involving, *inter alia*, rights and use in and to the Marks.   The judgment of that action, filed August 19, 2002, was that Pearcy was found to have willfully infringed the Marks and he, "his agents, employees, and all others acting in concert with him," were permanently enjoined from:

A) using the Marks in his business or profession;

B) selling or distributing any merchandise bearing the Marks unless it was genuine, licensed, and authorized and approved by Plaintiff;

C) selling or distributing any audio or video recordings of RATT concert performances unless it was genuine, licensed, and authorized and approved by Plaintiff;

D)  **using the RATT logo (stylized design Mark) in any advertisement**, or placing the word marks on the same line as Defendant Pearcy's name in any advertisement when referring to his historical association with the Band.

24.    Defendants currently use the Marks, including the stylized design Mark, publically for marketing, promotions, advertising, and for general purposes in regards to upcoming performances.

25.    Defendant Pearcy has been using trademarks which are identical, closely similar, or substantially indistinguishable to the Marks to promote **himself and his band**, his music, his services, and his merchandise without Plaintiff's permission or authorization.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendant Pearcy has made the aforementioned uses of the Marks intentionally, with knowledge and deliberate disregard, in order to draw RATT fans away from Plaintiff's shows, to secure performances and venues so that Plaintiff's band could not secure those same performances and venues, to confuse consumers, promoters,

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

and venues to believe that Pearcy is still a member of RATT or is some way affiliated, associated, endorsed or sponsored by Plaintiff.

**STRONG MARKETING GROUP**

27.    Defendant SMG was presented with an offer in December 2015 by Plaintiff's booking agent, Artist Representation and Management, Inc. ("ARM") for the Plaintiff's performance at SMG's venue for the concert called "Retro RockFest" on May 19-22, 2016 (the "Event").   SMG accepted the offer to pay Plaintiff a performance fee of $15,000, plus backline and one-night hotel accommodation.

28.    SMG accepted the offer and executed the Contract, as well as acknowledged it as a legally binding written agreement.   The written contract is attached hereto as **Exhibit A**.

29.    Thereon, Plaintiff and ARM put into motion all the logistical components that go along with a tour stop, including, but not limited to, booking flights for the band and crew, printing advertisements, securing promotions, and reserving backline equipment.   A tremendous amount of time, money, and effort was expended based on SMG's commitment to Plaintiff.

30.    On February 16, 2016, Strong 1 contacted ARM and expressed that they were not going to follow through with the contract for the Event.

31.    ARM and Plaintiff did not accept SMG's anticipatory breach of the Contract, as Plaintiff was still willing and able to perform at the Event.

32.    ARM and Plaintiff attempted to secure an alternate venue at which to perform so as to mitigate any damages resulting from SMG's breach.   But, to no avail, as that date had been locked up for some time with all other comparable venues and promoters set with their lineups.

33.    Prior to learning of SMG's anticipatory breach, a different venue had approached Plaintiff for a performance to be scheduled the same weekend as the Event.   Plaintiff turned down the performance because it was already booked by SMG for the Event.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

**COMPLAINT**

34.    Plaintiff is informed and believes, and thereon alleges, that, at some point between December 2015 and February 16, 2016, Strong 1, Strong 2, AWW, and Pearcy met, spoke, conspired, and initiated a plan to have Pearcy play the event instead of Plaintiff and caused SMG to breach its contract for the Event with Plaintiff.  SMG did book Pearcy to play the Event.

35.    Plaintiff is informed and believes, and thereon alleges, that SMG entered into Defendant Pearcy's standard performance contract as written, administered, and facilitated by AWW.

36.    SMG and Pearcy are using the Marks in their advertisements and promotions of the event.  Defendant SMG has been using trademarks which are identical, closely similar, or substantially indistinguishable to the Marks to promote **the Event** without Plaintiff's permission or authorization.

### I. FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement and Counterfeiting)

### (15 U.S.C. § 1114)

### (Against All Defendants)

36.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 - 36 of this Complaint as if set forth fully herein.

37.    This is a claim for trademark infringement and counterfeiting arising under 15 U.S.C. § 1114.

38.    As set forth above Defendants have engaged in acts of direct infringement by the use of one or more of the Marks without Plaintiff's consent.

39.    As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

40.    Upon information and belief, long after Plaintiff's adoption and use of each of the Marks, Defendants have adopted and used in commerce identical or confusingly similar versions of one or more of the Marks without Plaintiff's consent

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

in a manner that infringes upon Plaintiff's rights in the Marks in violation of 15 U.S.C. § 1114.

41.     Without Plaintiff's consent, Defendants' used, and are using in commerce Marks that are confusingly similar to the Marks in connection with the promotion, marketing, advertising of services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

42.     Plaintiff is informed and believes, and thereon alleges, that Defendants did so with actual knowledge of Plaintiff's ownership and prior use of the Marks, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' services are associated with, sponsored by, originate from, or are approved by Plaintiff, when they are not.

43.     Plaintiff is informed and believes, and thereon alleges, that Defendants' activities constitute willful and intentional infringement and counterfeiting of the Marks, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendants' knowledge that the use of the Marks was and is in direct contravention of Plaintiff's rights.

44.     Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Marks in an amount that is not presently known to Plaintiff. By reason of Defendants' actions, constituting unauthorized use of the Marks, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

45.     Due to Defendants' actions, constituting unauthorized use of the Marks, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

## II. SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition & False Designation of Origin)

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

46.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-46 of this Complaint as if set forth fully herein.

47.    This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

48.   As set forth above Defendants have engaged in acts of direct infringement by the use of one or more of the Marks without Plaintiff's consent.

49.   Defendants' direct and indirect use of the Marks without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

50.   Defendants' direct and indirect use of the Marks without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

51.   Such conduct by Defendants are likely to confuse, mislead, and deceive Defendants' subscribers, users, and members of the public as to the origin of Defendants' merchandise and services or cause said persons to believe that Defendants and/or their merchandise and services have been sponsored, approved,

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, when they are not, all in violation of 15 U.S.C. § 1125(a).

52.   Upon information and belief, Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

53.   Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiff.

54.   By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

55.   Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

### III. THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution)
### (15 U.S.C. § 1125(c))
### (Against All Defendants)

56.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-56 of this Complaint as if set forth fully herein.

57.   This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

58.   The merchandise and services offered by Plaintiff under the Marks have been widely advertised, promoted, and distributed throughout the United States and the world.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

9

**COMPLAINT**

59. Services and merchandise offered under the Marks have come to be known to consumers throughout the world as representing music services and merchandise which are offered under sound merchandising and customer service conditions by Plaintiff. As a result, the Marks, and the goodwill associated therewith, are of great value to Plaintiff.

60. By virtue of the wide renown acquired by the Marks, coupled with the national and international distribution and extensive use of various services offered under this trademark, each of the Marks has become famous.

61. Plaintiff is informed and believes, and thereon alleges that once Defendants began to use Marks which are identical, closely resemble, or are substantially indistinguishable from one or all of the Marks, Plaintiff started to receive calls from its customers, fans, promoters, agents, managers, and venues claiming that they were upset and confused when they realized that Defendants were not affiliated with Plaintiff.

62. Plaintiff has also seen a reduction in its business since the Defendants began to use Marks which are identical, closely resemble, or are substantially indistinguishable from one or all of the Marks.

63. Upon information and belief, Defendants' actions were done willfully with intent to exploit Plaintiff's reputation and dilute the Marks.

64. By reason of the aforesaid acts constituting trademark dilution, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

65. Due to Defendants' actions, constituting trademark dilution, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## IV. FOURTH CLAIM FOR RELIEF

### (California Common Law Trademark Infringement)

### (Against All Defendants)

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

66.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-66 of this Complaint as if set forth fully herein.

67.     This is a claim for trademark infringement, arising under California common law.

68.     Defendants' acts complained of herein constitute trademark infringement under California common law. Plaintiff is informed and believes, and thereon alleges, that Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the Marks causes a likelihood of confusion.

69.     Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received and will continue to derive and receive, gains, profits and advantages from Defendants' trademark infringement in an amount that is not presently known to Plaintiff. By reason of Defendants' wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

70.     Due to Defendants' trademark infringement, Plaintiff has suffered and continues to suffer great and irreparable injury for which Plaintiff has no adequate remedy at law.

71.     Defendants' willful acts of trademark infringement under California common law constitute fraud, oppression, and malice. Accordingly, Plaintiff is entitled to exemplary damages.

## V. FIFTH CLAIM FOR RELIEF
### (California Unfair Competition)
### (Against All Defendants)

72.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-72 of this Complaint as if set forth fully herein.

73.     This is a claim for unfair competition, arising under California Business & Professions Code § 17200, et seq.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

74.     Defendants acts of trademark infringement, false designation of origin and trademark dilution, complained of herein constitute unfair competition with Plaintiff under the statutory laws of the State of California, particularly California Business & Professions Code § 17200 et seq.

75.     Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' unfair competition in an amount that is not presently known to Plaintiff. By reason of Defendants' wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

76.     By their actions, Defendants have injured and violated the rights of Plaintiff and have irreparably injured Plaintiff, and such irreparable injury will continue unless Defendants are enjoined by this Court.

## VI. SIXTH CLAIM FOR RELIEF

### (Trademark Infringement by Imitating and False Advertising)

### (15 U.S.C. § 1114(a) and (b))

### (Against All Defendants)

77.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-77 of this Complaint as if set forth fully herein.

78.     This is a claim for trademark infringement by imitating and false advertising arising under 15 U.S.C. § 1114(a) and (b).

79.     As set forth above Defendants have engaged in acts of direct infringement by the use of one or more of the Marks without Plaintiff's consent.

80.     As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

81.     Upon information and belief, long after Plaintiff's adoption and use of each of the Marks, Defendants have adopted and used in commerce Marks which are identical, closely resemble, or are substantially indistinguishable from one or all

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

of the Marks without Plaintiff's consent in a manner that infringes upon Plaintiff's rights in the Marks in violation of 15 U.S.C. § 1114(a).

82.   Without Plaintiff's consent, Defendants used in commerce Marks which are identical, closely resemble, or are substantially indistinguishable from one or all of the Marks in connection with the promotion, marketing, advertising of services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

83.   Plaintiff is informed and believes, and thereon alleges, that Defendants did so with actual knowledge of Plaintiff's ownership and prior use of the Marks, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' services are associated with, sponsored by, originate from, or are approved by Plaintiff, when they are not.

84.   Plaintiff is informed and believes, and thereon alleges, that Defendants acted willfully and intentionally to infringe of the Marks, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendants' knowledge that the use of the Marks was and is in direct contravention of Plaintiff's rights.

85.   Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Marks in an amount that is not presently known to Plaintiff. By reason of Defendants' actions, constituting unauthorized use of the Marks, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

86.   Due to Defendants' actions, constituting unauthorized use of the Marks, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

# VII. SEVENTH CLAIM FOR RELIEF

## (Common Law Unfair Competition & False Designation of Origin)

### (Palming or Passing Off)

### (Against All Defendants)

87.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-87 of this Complaint as if set forth fully herein.

88.   This is a claim for common law unfair competition and false designation of origin.

89.   As set forth above, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, have used Marks which closely resemble and are substantially indistinguishable from one or all of the Marks without Plaintiff's consent.

90.   In fact, Plaintiff has received communications from its customers and members indicating that they were deceived and confused by the Defendants' use of Marks which closely resemble and are substantially indistinguishable from one or all of the Marks.

91.   Defendants' use of Marks which are identical, closely resemble, or are substantially indistinguishable from one or all of the Marks without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which has and is likely to further cause confusion, or to cause mistake, or to deceive as to the source of Defendants' services.

92.   Such conduct by Defendants has and is likely to further confuse, mislead, and deceive Plaintiff's and Defendants' subscribers, users, and members of the public as to the origin of Defendants' services or cause said persons to believe that Defendants and/or their merchandise have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, when they are not.

1726.203

93.     Upon information and belief, Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

94.     Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiff.

95.     By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

96.     Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## VIII. EIGHTH CLAIM FOR RELIEF

### (California False Advertising)

### (Against All Defendants)

97.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-97 of this Complaint as if set forth fully herein.

98.     This is a claim for false advertising arising under California Business & Professions Code §17500.

99.     As set forth above, Plaintiff is informed and believes, and thereon alleges that Defendans, and each of them, have used Marks in their advertising which closely resemble and are substantially indistinguishable from one or all of the Marks without Plaintiff's consent.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

100.   In fact, Plaintiff has received communications from its customers and members indicating that they were deceived and confused by the Defendants' use of Marks which are identical, closely resemble, or are substantially indistinguishable from one or all of the Marks.

101.   Defendants' use of Marks which are identical, closely resemble, or are substantially indistinguishable from one or all of the Marks is misleading, has and is likely to further mislead, cause confusion, or to cause mistake, or to deceive as to the source of Defendant's services.

102.   Such conduct by Defendants have and are likely to further confuse, mislead, and deceive Plaintiff's subscribers, users, and members of the public as to the origin of Defendants services or cause said persons to believe that Defendants and/or their merchandise have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, when they are not.

103.   Plaintiff is informed and believes, and thereon alleges that Defendants' actions were undertaken in an attempt to divert and secure Plaintiff's customers and business from Plaintiff.

104.   Plaintiff is informed and believes, and thereon alleges that Defendants' actions were undertaken willfully with full knowledge that using Marks which closely resemble and are substantially indistinguishable from one or all of the Marks would mislead Plaintiff's customers and members, and would also mislead the general consuming public.

105.   Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false advertising in an amount that is not presently known to Plaintiff.

106.   By reason of Defendants' actions, constituting false or misleading advertising, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

107.   Due to Defendants' actions, constituting false or misleading advertising, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## IX. NINTH CLAIM FOR RELIEF

### Injunctive Relief and Appointment of a Receiver

### (Against All Defendants)

108.   Plaintiff repeats and re-alleges the allegations of 1-108 as set forth above as if set forth fully herein.

109.   Plaintiff is informed, believes, and based thereon alleges that Defendant continues to benefit from their trademark infringement.

110.   Defendants' ongoing use of Plaintiff's trademarks, unless and until enjoined and restrained by order of this Court, will cause grave and irreparable injury to Plaintiff.

111.   Plaintiff has no adequate remedy at law for the ongoing and threatened conduct in that it would be impossible for Plaintiff to determine the precise amount of damage Plaintiff will suffer if Defendants' conduct is not restrained and Plaintiff will be deprived of its customers which cannot be compensated in damages.

112.   At all times herein mentioned, Defendants, and each of them, committed acts of infringement for personal benefit all to the detriment of the Plaintiff.

113.   Due to the fact that, based upon the aforesaid and previously mentioned wrongful conduct of Defendants, and each of them, there is an imminent threat of irreparable harm unless the Court appoints a receiver pedente lite to take over the affairs, management, operation, and control of Defendants, such that Plaintiff therefore seeks the immediate appointment of a receiver and Court order that the cost and expenses of such receivership be first initially paid by and from Defendants, and each of them.

1726.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

# X. TENTH CLAIM FOR RELIEF

## Breach of Contract

## (Against SMG)

114. Plaintiff repeats and re-alleges the allegations of 1-114 as set forth above as if set forth fully herein.

115. SMG accepted an offer from Plaintiff's booking agent and executed the ARM agreement form, which provided for Plaintiff to perform at SMG's venue for the Event on the specified date, in exchange for fifteen-thousand dollars.

116. SMG and Plaintiff had a valid and enforceable contract.

117. Plaintiff relied on this contract, expending time and money in its preparation for performing as agreed.

118. SMG breached this contract when it informed Plaintiff that it would not follow through with the contract.

119. Plaintiff has suffered damages in the form of lost income from the contract price as well as additional compensatory income from areas like merchandise sales, which is currently unknown but will be determined at trial.

120. Plaintiff has suffered consequential damages because it rejected other offers for performances on the same date at SMG's event, because Plaintiff relied on SMG's promise.

# XI.   ELEVENTH CLAIM FOR RELIEF

## (Intentional Interference With Economic Relations)

## (Against All Defendants except SMG)

122.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-121 of this Complaint as if set forth fully herein.

123.   This is a claim for Intentional Interference with Economic Relations under California law.

124.   Defendants acts complained of herein, constitute intentional interference with Plaintiff's economic relationships.

1726.203

125.    Plaintiff is informed and believes, and thereon alleges, that Defendants acted with the intent to harm Plaintiff financially and to induce SMG to breach its contract with Plaintiff for the Event.

126.    As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages to its business, reputation and good will. In addition, Plaintiff has and will incur loss of revenues and profits, which would not have occurred in the absence of Defendants' conduct.

## XII.    SEVENTH CLAIM FOR RELIEF
### (Negligent Interference With Economic Relations)
### (Against All Defendants except SMG)

127.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-126 of this Complaint as if set forth fully herein.

128.    This is a claim for Negligent Interference with Economic Relations under California law.

129.    Defendants knew or reasonably should have known that their acts and omissions complained of herein, would likely interfere with Plaintiff's economic relationships.

130.    Defendants' acts and omissions harmed Plaintiff financially and induced SMG to breach its contract with Plaintiff for the Event.

131.    As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages to its business, reputation and good will. In addition, Plaintiff has and will incur loss of revenues and profits, which would not have occurred in the absence of Defendants' conduct.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in its favor against Defendants for the following relief:

A.     A preliminary and permanent injunction against Defendants, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. Defendant Pearcy from using the Plaintiff's trademarks;

2. Defendants from using the Plaintiff's trademarks to promote the Event;

3. Defendant Pearcy from participating in SMG's Event May 20 – 21, 2016.

B.     Appointment of a receiver of all revenues of Defendant Pearcy's businesses.

C.     That Defendants be required to account for any and all profits derived by their acts of infringement.

D.     That Defendants' acts of infringement be deemed willful, that this be deemed an exceptional case, and that Plaintiff be entitled to enhanced damages.

E.     That Plaintiff be awarded damages for Defendants' trademark infringement in the form of either: (i) Defendants' profits, damages sustained by Plaintiff, and the costs of the action; or (ii) statutory damages pursuant, at Plaintiff's election before the entry of a final judgment.

F.     The Plaintiff be awarded damages for unfair competition pursuant to California Business & Professions Code § 17200 et seq and § 17500.

G.     The Plaintiff be awarded damages pursuant to California Civil Code §3426.

H.     An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

1726.203

1    I.    That Plaintiff be awarded damages for Defendant SMG's breach of

2  contract to be proven at trial.

3    J.    Such other and further relief as this Court may deem just.

4

5

6                                          Respectfully submitted,

7  Dated: May 19, 2016                     ADLI LAW GROUP, P.C.

8

9                                          By: /s/Drew H. Sherman

10                                         Drew H. Sherman, Esq.
                                           Attorneys for Plaintiff,
11                                         WBS, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

**DEMAND FOR JURY TRIAL**

Plaintiff WBS, Inc. hereby demands a trial by jury on all triable claims.


Dated: May 19, 2016                            ADLI LAW GROUP, P.C.


                                               By: /s/Drew H. Sherman
                                               Drew H. Sherman, Esq.
                                               Attorneys for Plaintiff,
                                               WBS, Inc.

22

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1726.203

**COMPLAINT**

# EXHIBIT A

# ARM ★ ENTERTAINMENT

PH. 651-483-8754 FAX. 651-776-6338
WWW.ARMENTERTAINMENT.COM

**ARTIST OFFER FORM**

## VENUE

Name _Retro RockFest_

Address _620 S Airport Rd_

City _St George_       State _UT_   Zip _84770_

Website _http://www.retrorockfestival.com/_

Indoor_____   Outdoor_____   Capacity _1500_

Venue Contact/Mgr _Kjirsten or Curtis Strong_

Ph _435-414-4737_

Email _info@strongmg.com_

Production Contact _Kjirsten or Curtis Strong_

Ph / Email _435-4144-736_

## TERMS

Offer Amount: $ _15,000_       + / vs _____ %

# of Tickets_____ Type _____ Price _____ ADV/DOS

# of Tickets_____ Type _____ Price _____ ADV/DOS

# of Tickets_____ Type _____ Price _____ ADV/DOS

Merch Rate 100% to Artist Unless Otherwise Stated ___✔___

Artist Sells _X_____ Venue Sells _____

## PURCHASER TO PROVIDE (PER RIDER REQUIREMENTS)

_✔_Backline   ____Hotel (2 Nights)   ____ Ground Transport
____ Airfare   ____ Sound/Lights   ____ Hospitality

Comments: _Will provide Hotel for 1 night and_
_Transport to and from the Hotel if_
_needed_

## GENERAL INFORMATION

Artist _Ratt_

Show Date(s) _May 21st 2016_

Check for Mutually Agreeable Date _✔_

Billing (i.e. Headline/Support) _____

Doors _3pm_ Show Start _4pm_  Artist Time/Length _60_ _75/90_

Public _X_____ Private_____ Age Limit _____ Curfew _mins_

Other Artist(s)/Lineup _8 other bands but Ratt_
_would be our headliner to_
_start playing around 9:30pm_

## PURCHASER

Contract Signatory _Kjirsten Strong_

Company/DBA _Watercrazz, LLC_

Address _784 S River RD. #260_

Ph _435-414-4737_

Email _info@strongmg.com_

### PROMOTOR/BUYER (IF OTHER THAN SIGNATORY)

Name_____

Company/DBA_____

Address_____

Ph_____

Email_____

1) I understand that upon acceptance/approval by Artist Mgmt, this is a legally binding agreement

2) I have authority to submit this offer on behalf of signatory

3) Signed contracts and 50% deposit REQ'D prior to announce/on sale

4) I understand signature below is REQ'D for consideration

Signature _Kjirsten Strong_ Date _12/04/2016_