O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WBS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN PEARCY, ARTISTS WORLDWIDE, INC., a California corporation, TOP FUEL NATIONAL, a business of unknown formation,<br><br>　　　　Defendants. | Case No. CV 16-03495 DDP (JCx)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Dkt. 70, 72] |

　　　Presently before the court is Plaintiff WBS, Inc. ("WBS")'s Ex Parte Application for a Temporary Restraining Order. Having considered the submissions of the parties, the court denies the application and adopts the following Order.

**I.　Background**

　　　As explained in further detail by another judge of this court, this case concerns certain trademarks originally associated with the band "Ratt." (Dkt. 69 at 2.) Plaintiff asserts that it obtained the marks in 1997 via an assignment from a partnership

1  comprised of certain members of the band.  In 2001, Pearcy filed
2  suit against WBS in Los Angeles County Superior Court.  WBS filed a
3  cross-complaint alleging, among other things, that Pearcy infringed
4  its RATT marks.  In 2002, the state court ruled in WBS' favor on
5  the infringement claim and enjoined Pearcy from using the RATT mark
6  in his business or on advertisements and from selling or
7  distributing merchandise or recordings bearing the mark absent
8  approval from WBS or "the RATT General Partnership."
9       On May 19, 2016, WBS filed the operative Complaint against
10 Defendants Stephen Pearcy, Artists Worldwide ("AWW"), and others
11 for (1) trademark infringement, (2) conversion, (3) tortious
12 interference with prospective economic advantage, (4) unfair
13 competition, and (5) breach of contract.  (Dkt. 2.)  Concurrently
14 with the Complaint, WBS filed an application for a temporary
15 restraining order ("TRO") and order to show cause ("OSC") why a
16 preliminary injunction should not issue against Defendants.
17 Another judge of this court denied WBS's application.  (Dkt. 14.)
18      Now, WBS again seeks a temporary restraining order against
19 Pearcy, alleging that he intends to perform with a band called
20 "RATT" n Minnesota on February 11, 2017.  WBS further alleges that
21 another band touring as "RATT," with WBS authorization, has had
22 shows cancelled due to confusion as to its authenticity.  WBS seeks
23 a TRO enjoining Pearcy from using the RATT trademarks allegedly
24 owned by WBS "to promote Pearcy or any band of which he is a
25 member" and from using the marks on websites, merchandise,
26 marketing materials, and from depleting any revenues Pearcy has
27 generated from the use of the marks.
28 //

**II.   Legal Standard**

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20. Preliminary relief may be warranted where a party: (i) shows a combination of probable success on the merits and the possibility of irreparable harm; or (ii) raises serious questions on such matters and shows that the balance of hardships tips in favor of an injunction. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury" absent the issuance of the requested injunctive relief.[2]

---

[2] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the
(continued...)

Id. A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (citation omitted).

**III. Discussion**

To prevail on its trademark cause of action, Plaintiff must show that (1) it has "a protectible ownership interest in the mark; and (2) that Defendants' use of the mark is likely to cause consumer confusion." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012) (internal quotation omitted). Plaintiff argues first that it is likely to succeed on the merits of its trademark infringement claim because Defendants are subject to collateral estoppel. (Memorandum in Support Of Application ("App") at 5.) A party may be collaterally estopped where "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000).

Although Plaintiff's collateral estoppel argument refers to "the legal history of the parties," the argument is unsupported by any citation to the record. (App. at 5-7.) Parties are obligated to present evidence in a manner that would allow this court to evaluate it. See Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir.2001). Furthermore, Plaintiff does not

---

[2](...continued)
injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

identify the issue Pearcy is estopped from pursuing.  To the extent Plaintiff identifies the 2002 state court judgment as the basis for collateral estoppel, it is not clear to the court how a determination that Pearcy was infringing upon the RATT marks roughly fifteen years ago estops Pearcy from arguing that his recent activities do not infringe.[3]

Plaintiff's alternative argument regarding likelihood of success on the merits is not well developed.  Plaintiff is correct that Pearcy is not entitled to use the RATT marks simply because he is an original member of the band.  See Robi v. Reed, 173 F.3d 736, 739-40 (9th Cir. 1999).  Although Plaintiff is also correct that a person who remains continuously involved with a musical group often retains the right to use the mark, Plaintiff again cites no evidence in the record to support the suggestion that this principle creates a likelihood that WBS will prevail.  Id.

Lastly, there appears to be a dispute whether Pearcy has obtained a license to use the marks.  Pearcy's declaration states that he has received permission from both the RATT General Partnership and WBS to utilize the marks.  (Declaration of Stephen Pearcy ¶¶ 7-9.)  Plaintiff objects to Pearcy's declaration on the ground that Pearcy lacks personal knowledge.  Plaintiff's objection has some merit.  Although Pearcy's declaration states that the facts therein are within his personal knowledge (Pearcy Decl. ¶ 1), many of his statements, including the specific statements regarding authorization to use the marks, are made as a matter of Pearcy's

---

[3] Plaintiff makes only occasional, general references to the Declaration of Drew H. Sherman to support all of its factual assertions, including those regarding trademark registrations, the prior state court litigation, and Pearcy's recent activities.

5

"current good faith belief and understanding." (Id. ¶¶ 5-9.) Generally, statements made without personal knowledge are entitled to no weight. See, e.g. Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412-13 (9th Cir. 1995). A declarant's reference to his good faith belief, however, is not necessarily dispositive. Regardless of such boilerplate references, a declarant's personal knowledge may be inferred from his position and the nature of his participation in the matters at issue. In re Kaypro, 218 F.3d 1070, 1075 (9th Cir. 2000); Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990); Johnson v. Peralta Community College District, No C-94-4255-MMC (PJH), 1997 WL 227903 at * 6 (N.D. Cal. Apr. 28, 1997). Here, it appears beyond dispute that Pearcy has personal knowledge of at least some of the facts recited on the basis of his "current good faith belief and understanding." It appears undisputed, for example, that Pearcy was formerly an officer of WBS. (Pearcy Decl. ¶ 5.) Similarly, the court can infer that Pearcy is personally aware of the activities of the RATT Partnership, of which Pearcy is a member, and that Pearcy is personally aware of authorization that he himself received. (Id. ¶¶ 7-8.) Accordingly, Plaintiff's objections are overruled, without prejudice.

**IV. Conclusion**

Plaintiff has not made a clear showing that it is likely to succeed on the merits of its trademark infringement claims. The scope of Plaintiff's collateral estoppel is not sufficiently clear, nor is Plaintiff's argument supported by citations to the record. Furthermore, it is unclear whether Pearcy has obtained authorization to use the marks from the RATT Partnership, WBS, or

both, and therefore has an affirmative defense to Plaintiff's infringement claims. Accordingly, Plaintiff's Application for a TRO is denied.[4]

IT IS SO ORDERED.

Dated: February 10, 2017

DEAN D. PREGERSON
United States District Judge

---

[4] Nothing in this Order shall be read to preclude Plaintiff from seeking preliminary injunctive relief.